# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**LARRY WAYNE WEATHERS**                                                                                   **PLAINTIFF**

**v.**                                                                   **CIVIL ACTION NO. 3:12-CV-225-S**

**JUDGE ANDERSON et al.**                                                                                 **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Larry Wayne Weathers, filed a *pro se*, *in forma pauperis* complaint alleging constitutional violations (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff sues Judge Anderson, County Attorney Susan McCaine, and Springfield, Kentucky, Police Officer Jerry Pinkston. His complaint alleges that "Defendants acting under color of state law deprived Plaintiff of rights garenteed by the Constitution of the United States 5th Amendment Double Jeopardy multiple punishment." He alleges that Police Officer Paul Obyron put the wrong violation code on a citation which caused him to stay in jail longer than the amount of time prescribed by law. He further alleges that Judge Anderson and Defendant McCaine "punished Plaintiff again by putting EPO on Plaintiff when Plaintiff had already been punished." He attaches a copy of a citation dated March 10, 2012, for a violation of an E.P.O., apparently involving Plaintiff's mother, in Washington County. He also attaches a prison grievance filled out by Plaintiff which states:

> On 3-10-12 in Washington County, Kentucky my mom who has
> all-timers became disoriented and wandered out close to a busy
> highway. I spotted mom and took her home to safety. I have 2
> witnesses to this. Then came a nock at her door sherrif office I had

        a warrant for failure to appear in court. Mom had an EPO on me years ago that expired. Time served. My sister made herself power of attorney responsible for first IPO took out 2nd EPO at moms house on a lie that I can prove with citation by officer Paul Obyron. See response to EPO pending in federal court. Anyway I again being punished in violation of the 5th Amendment of the United States Constitution.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007).

*Claim against Judge Anderson*

Plaintiff's allegation against Defendant Anderson, a state-court judge, is that she punished him by putting an EPO on him. A judge performing judicial functions is absolutely immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity is available even if the judge acts maliciously, corruptly, or in bad faith. *Id.* at 11.

Because Plaintiff essentially complains only about conduct that comprises the very core of Judge Anderson's official duties, the Court concludes that absolute judicial immunity would bar claims for monetary damages against Judge Anderson based on allegations pursuant to § 1983. *See id.* at 9; *Krajicek v. Justin*, 991 F. Supp. 875, 877 (E.D. Mich. 1998) (listing actions for which judge entitled to absolute immunity, including actions associated with issuing warrant). To the extent that Plaintiff seeks equitable relief, § 1983 does not allow it except in certain cases. Therefore, Plaintiff's claim against Judge Anderson will be dismissed by separate Order. *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006).

*Claim against county attorney*

Plaintiff's allegation against Defendant McCaine, a county attorney, is that she put an EPO on Plaintiff. The Supreme Court has held that a prosecutor enjoys absolute immunity from § 1983 liability when acting "as an advocate" by engaging in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Moore v. Valder*, 65 F.3d 189, 192 (D.C. Cir. 1995). Describing the conduct protected by immunity, the Court opined that advocatory conduct includes "initiating a prosecution" and "presenting the State's case." *Imbler v. Pachtman*, 424 U.S. at 431. Advocatory conduct is clearly protected by absolute immunity. *Lomaz v. Hennosy*, 151 F.3d 493 (6th Cir. 1998).

3

Plaintiff's claim against the county attorney is barred by absolute prosecutorial immunity. *See Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997) ("A prosecutor's decision to file a criminal complaint and seek an arrest warrant and the presentation of these materials to a judicial officer fall squarely within the aegis of absolute prosecutorial immunity."). The county attorney is, therefore, entitled to absolute immunity in the instant action.

*Claim against Defendant Pinkston*

Plaintiff's complaint makes no reference to any personal involvement by Defendant Pinkston. Some factual basis for a claim against a defendant must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Plaintiff must explain how the defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff's complaint fails to do so with regard to Defendant Pinkston. As such, this claim must be dismissed for a failure to state a claim. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's complaint.

Date: August 10, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Washington County Attorney
4411.009

4